FILED

2015 Aug-05  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

EVERETT LEON STOUT,           )
                              )
        Petitioner,           )
                              )
v.                            )          Case No. 1:15-cv-00141-AKK-TMP
                              )
LARRY AMERSON, *et al.*,      )
                              )
        Respondents.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenges the petitioner's pretrial detention at the Calhoun County Jail in Anniston, Alabama. The petitioner filed his § 2241 petition on January 15, 2015.[1] In accordance with the usual practices of this court, the action was referred to the undersigned magistrate judge for a preliminary review and recommendation.

---

[1]  Although his petition was received by the court on January 26, 2015, it was signed and dated on January 15, 2015. Under the "prison mailbox rule," the petition is deemed filed on the day it was signed and delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Thus, it is the date on which the petition was signed that the court recognizes as the filing date.

## BACKGROUND

On August 28, 2014, the petitioner was arrested for first degree theft of property in Calhoun County.  The next day, he was arrested for fourteen counts of second degree extortion.  The Calhoun County District Court held a preliminary hearing on October 24, 2014, and found probable cause to support each of the charges.  The district court bound the cases over for consideration by the Calhoun County Grand Jury.  The petitioner was indicted on all counts by the grand jury on December 15, 2014, and he was arraigned in the Calhoun County Circuit Court on February 18, 2015.  The petitioner "pled abatement," and the circuit court entered pleas of "not guilty" on the charges.  Currently, the petitioner is incarcerated and awaiting trial.

The petitioner filed a petition for writ of *habeas corpus* in this court on or about October 23, 2014.  Subsequently, the petitioner moved to voluntarily dismiss the petition.  The court granted the petitioner's motion, and the case was dismissed without prejudice on December 16, 2014.[2]  Because the petitioner's prior *habeas* petition was dismissed without prejudice, it does not create a successiveness bar for the instant *habeas* petition.  On December 4, 2014, prior to his indictment by the grand jury, the petitioner filed a petition for writ of *habeas corpus* in the

---

[2]   The petitioner's previously filed *habeas* petition was styled <u>Stout v. Amerson, et al.</u>, 1:14-cv-2031-RDP-TMP.

Calhoun County Circuit Court.  The circuit court denied the petition, and the petitioner appealed to the Alabama Court of Civil Appeals, where his appeal remained pending as of April 2, 2015, the date of the respondent's answer.

The instant *habeas* petition was filed on January 15, 2015, challenging his pretrial detention.  Pursuant to the court's Order to Show Cause, the respondents filed an Answer to the petition on April 2, 2015.  By order dated April 3, 2015, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the Rules Governing Section 2254 Cases.  The petitioner filed a Response to the Answer on April 13, 2015.  On April 17, 2015, the petitioner filed a Notice of Supplementation.  On June 12, 2015, the petitioner filed a Motion for Rule 57 Declaratory Judgment, which is due to be and hereby is DISMISSED as MOOT.  Finally, on July 15, 2015, the petitioner filed an amendment to his petition for writ of *habeas corpus*.  None of the filings by the petitioner address his pending appeal before the Alabama Court of Civil Appeals.


## EXHAUSTION

The court agrees that the petitioner's claims must be dismissed without prejudice due to the petitioner's failure to exhaust his state remedies.  An application for writ of *habeas corpus* will not be considered unless the applicant

has exhausted available state-court remedies.   28 U.S.C. § 2254(b); <u>Walker v. Zant</u>, 693 F.2d 1087, 1088 (11th Cir. 1982).   The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." <u>Ogle v. Estelle</u>, 592 F.2d 1264, 1267 (5th Cir. 1979) (citing <u>Lerma v. Estelle</u>, 585 F.2d 1297, 1299 (5th Cir. 1978)).[3]   As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction."   <u>Fay v. Noia</u>, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).   Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." <u>Rose v. Lundy</u>, 455 U.S. 509, 518 n.9, 102 S. Ct. 1198, 71 L. Ed. 2d 879 (1982).

Exhaustion has been determined by the court of appeals to be a jurisdictional prerequisite to an action under § 2241.  This means that mere futility of the remedy does not excuse failure to exhaust it.  In <u>Jaimes</u>, *supra*, the court explained:

---

[3]   The Eleventh Circuit Court of Appeals has adopted as binding precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981)(*en banc*).

> Lucas concluded that the exhaustion requirement in § 2241 cases was jurisdictional after examining 18 U.S.C. § 3585 and its predecessor, 18 U.S.C. § 3568.  See 898 F.2d at 1554-56.  We have reasoned that "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts."  Richardson v. Reno, 162 F.3d 1338, 1374 (11th Cir. 1998) (emphasis added), judgment vacated on other grounds, 526 U.S. 1142, 119 S. Ct. 2016, 143 L. Ed. 2d 1029 (1999).  Failure to comply with statutory exhaustion requirements deprives a court of jurisdiction; thus "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility."

Jaimes v. United States, 168 Fed. Appx. 356, 358 n. 4 (11th Cir. 2006), quoting

United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (*per curiam*).

In the instant case, petitioner does not dispute that he still has an appeal pending before the Alabama Court of Criminal Appeals and, thus, has not exhausted state remedies.  The petitioner also does not argue any exception to the exhaustion requirement.   The Supreme Court has mandated that, even if the petitioner argued exhaustion to be futile, the argument of futility is no excuse to a lack of exhaustion, stating that the Court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001).   Accordingly, petitioner has failed to demonstrate that any exception

applies that excuses his failure to exhaust his administrative remedies, and all of his claims are due to be dismissed.

## RECOMMENDATION

Based on the foregoing considerations, the magistrate judge RECOMMENDS that the petition for *habeas corpus* relief under 28 U.S.C. § 2241 be DISMISSED WITHOUT PREJUDICE.  Petitioner retains the right to later file another petition after his claim has been properly exhausted in the state court system.

## <u>NOTICE OF RIGHT TO OBJECT</u>

Any party who objects to this Report and Recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), <u>reh'g denied</u>, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. 1982)(*en banc*).  In order to challenge the findings of the

magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendation made by the magistrate judge. The district judge, however, need conduct a hearing only in his or her discretion or if required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon Petitioner by mail to the Petitioner's most recent address.

**DONE** and **ORDERED** on August 5, 2015.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE